## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

**JOSEPH E. CAREY**

**VERSUS**                                    CASE NO.    3:17--cv--00477

**MIE PROPERTIES-LA, L.L.C.**                 <u>JURY TRIAL DEMANDED</u>
**and**
**BANKSTON & ASSOCIATES, L.L.C.**

<u>**COMPLAINT**</u>

The Complaint of JOSEPH E. CAREY, a resident of the full age of majority of East Baton Rouge Parish, Louisiana, with respect, shows:

<u>**Introduction**</u>

1.

Plaintiff JOSEPH E. CAREY, a resident of the State of Louisiana, brings this action for damages and other relief against the Defendants, MIE PROPERTIES-LA, L.L.C. and BANKSTON & ASSOCIATES, L.L.C., resulting from violations by the Defendants of the protections afforded by the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901 *et seq.* ("SCRA"), to members of the United States Armed Forces and their dependents. Plaintiff seeks all appropriate relief, including declaratory and injunctive relief, monetary damages, costs and attorney's fees, as a result of the violations of Plaintiff's rights under the SCRA by the Defendants.

2.

Plaintiff shows that the Defendant violated his rights by:

A)    Failing and refusing to terminate a lease of immovable property intended to be used

-1-

by Plaintiff and his then-dependent wife for business purposes upon proper exercise by Plaintiff of his right to terminate the lease under the SCRA, specifically 50 U.S.C. §3955 and thereafter prosecuting an action in state court against Plaintiff for amounts not due; and

B)    Wrongfully, knowingly and intentionally attempting to collect on the judgment obtained by Defendant MIE Properties-LA, L.L.C., represented by Defendant Bankston, in Case No. 629,589 in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, as modified by the Louisiana First Circuit Court of Appeal on appeal in Case No. 2016 CA 0763 ("the State Court Suit"), for an obligation or liability of the business of the Plaintiff for which the Plaintiff was personally liable, from assets of the Plaintiff not held in connection with the business, in violation of 50 U.S.C. §4042.

## Parties

3.

Plaintiff Joseph E. Carey is a resident of the full age of majority of Louisiana, currently residing in Carville, Louisiana.  Plaintiff has been a member of the Louisiana Army National Guard since Feb 8, 2000.  Effective February 7, 2013, Plaintiff was mobilized and called to active military duty and has remained on active duty continuously since that date.

4.

Defendant MIE Properties-LA, L.L.C. ("MIE"), is a limited liability company organized under the laws of the State of Louisiana, with its principal place of business at 6473 Highway 44, Suite 201, Gonzales, Louisiana 70737.

5.

-2-

Defendant Bankston & Associates, L.L.C. ("BANKSTON"), is a limited liability company organized under the laws of the State of Louisiana, with its principal place of business at 8708 Jefferson Highway, Suite A, Baton Rouge, Louisiana 70809.

## Jurisdiction and Venue

6.

The claims asserted herein arise under the SCRA, 50 U.S.C. §§3901 *et seq.* as further made applicable to Plaintiff under the provisions of Louisiana Revised Statutes 29:422.

7.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 in that the claims arise under the laws of the United States, specifically the SCRA.

8.

Both Defendants routinely conduct business in this district and the lease obligation on which collection action was taken in the State Court Suit was to be performed in whole or in part in this district, specifically in Baton Rouge, Louisiana.  Both defendants are subject to the personal jurisdiction of this Court.

9.

Venue is proper in this district pursuant to 28 U.S.C. App. §1381(b) and (c) in that a substantial part of the events giving rise to the claims asserted herein occurred in this district.

## Facts

10.

On August 5, 2011, Plaintiff and his then-wife, Holly, acting through their limited liability company, Heaux Jeaux's, L.L.C., leased a suite in a commercial facility located at 14241 Airline Highway, Baton Rouge, Louisiana ("the Property"), from Defendant MIE for the purpose

of opening a bar.  When the Property was leased, Plaintiff was not on active duty with any

branch of the U.S. Armed Forces.

11.

At the time the lease was executed, Plaintiff was required to execute a personal guaranty

for the lease obligations of Heaux Jeaux's, L.L.C.  The guaranty agreement Plaintiff signed

provided, in pertinent part, that "the undersigned hereby makes himself . . . a party to the Lease

and bind[s] himself . . . in solido with the Lessee [which was Heaux Jeaux's, L.L.C.]."

12.

After it opened in April 2012, Heaux Jeaux's was not profitable and ultimately was

closed on August 8, 2013 when Holly Carey surrendered the keys to a representative of MIE.

13.

Because of a then-pending divorce action, Plaintiff was not allowed to enter Heaux

Jeaux's and took no part in the running of the business.  As stated above, on February 7, 2013,

Plaintiff entered active military duty with the Louisiana Army National Guard and became

protected by the SCRA.

14.

On April 7, 2014, MIE filed suit in 19th Judicial District Court, East Baton Rouge Parish,

Louisiana, in Case No. 629,589, against Heaux Jeaux's, L.L.C., Plaintiff and Holly L. Carey,

seeking past due and future rent, common area maintenance fees, taxes and management fees

plus penalties, interest and attorney's fees ("the State Court Suit").

15.

On June 2, 2014, Plaintiff submitted written notice of his cancellation of the lease

pursuant to the SCRA (specifically 50 U.S.C. §3955), which termination would have been

effective on July 31, 2014.

16.

Plaintiff and Holly L. Carey were divorced on June 10, 2014.

17.

The State Court Suit was tried before the Hon. Janice Clark of the 19th Judicial District Court on September 8, 2016.  Plaintiff appeared and represented himself at the trial.   No other defendant attended the trial or was represented at trial.

18.

Defendant MIE was represented at the trial of the State Court Suit by Defendant Bankston.  Trial counsel for the lessor was an associate and employee of that firm, Jenna H. Linn.

19.

At trial of the State Court Suit, a vice-president of Defendant MIE, Todd Pevey, testified and acknowledged that he had received Plaintiff's June 2, 2014 lease termination letter the morning after Plaintiff slid it under the door of Defendant MIE's offices.  However, Mr. Pevey testified that he was not familiar with the SCRA and refused to terminate Plaintiff's obligations under the lease.

20.

Both in his *pro se* pleadings and his testimony at trial of the State Court Suit, the Plaintiff asserted his rights under the SCRA. Copies of his military orders were admitted as evidence at trial.

21.

Without issuing any written opinion, the State Court held Plaintiff liable *in solido* with

Heaux Jeaux's, L.L.C. and Holly Carey for $137,782.47 in damages, plus $21,500.00 in attorney's fees, all costs and interest from date of demand until paid in full.

22.

A judgment prepared by Defendant Bankston was presented to Judge Clark, who signed it on March 14, 2016.

23.

Plaintiff, through undersigned counsel, then filed a devolutive appeal in the State Court Suit on May 6, 2016.

24.

Following briefing and oral argument, the Louisiana First Circuit Court of Appeal in a written opinion delivered on February 17, 2017, ruled that the SCRA did apply and that Plaintiff had properly delivered notice of cancellation of the lease of Heaux Jeaux's to Defendant MIE in June 2014. Accordingly, the Court of Appeal reversed the trial court and found that Plaintiff's hand delivery of the termination notice on June 2, 2014 was effective to cancel the lease as of July 31, 2014. Further, the appellate court ruled that the trial court had committed reversible error when it awarded damages for lease payments, common area maintenance fees, management fees and late fees past July 31, 2014. Additionally, the appellate court agreed with Plaintiff's contention that Defendant MIE had incorrectly computed late fees due under the lease before it had been terminated. As a result of those errors, the appellate court reduced the amount due by Plaintiff under the lease from $134,782.47 to $70,803.56.

25.

The appellate court also found that the trial court had committed reversible error when it awarded excessive attorney's fees to Defendant Bankston and reduced the amount of attorney's

fees from $21,500.00 to $7,080.36 (10% of the amount awarded, as provided for in the lease).

26.

The attorney's fees incurred by Plaintiff to hire appellate counsel and to protect him from post-trial attempts by the Defendants to wrongfully collect on the final judgment in the State Court  Suit was $36,423.62 (75.1 hours @ $450/hour, plus $2,628.62 in court costs and expenses).

**Causes of Action**

**First Cause of Action – Violation of 50 U.S.C. §3955**
**(formerly 50 U.S.C. App. §535)**

27.

Plaintiff re-alleges and re-avers all the allegations of paragraphs 1 through 26 above.

28.

When there was a default in payments due under the lease of Heaux Jeaux's, L.L.C., Plaintiff incurred an obligation or liability based on his execution of the personal guaranty of the lease obligations of a trade or business he and his then-wife jointly owned, to wit, Heaux Jeaux's, L.L.C.

29.

During the term of the lease of Heaux Jeaux's, Plaintiff was called to active military duty and became protected by the SCRA.  On June 2, 2014, during the period of his active military duty, Plaintiff gave proper written notice of his intent to terminate his obligations under the lease of Heaux Jeaux's, effective July 31, 2014 and provided a copy of his mobilization orders to Defendant MIE.

30.

Thereafter, neither Defendant MIE nor Defendant Bankston recognized Plaintiff's

-7-

protections under the SCRA and sued him for amounts of rental payments, late fees, common

area maintenance fees, management fees and taxes for periods of time after July 31, 2014, the

date the lease should have been terminated pursuant to the provisions of 50 U.S.C. §3955.

31.

Solely because the Defendants wrongfully pursued Plaintiff for amounts over and above

that which he legitimately owed as of July 31, 2014, Plaintiff was forced to hire an attorney to

file and prosecute an appeal in the State Court Suit, which succeeded in enforcing Plaintiff's

rights under the SCRA.

32.

In addition to seeking amounts owed under the lease over and above those that accrued

up to July 31, 2014, Defendant Bankston, without submitting any time records and in violation of

section 10 of the lease (which provides for 10% attorneys fees), drafted and submitted a

judgment to the court in the State Court Suit awarding to Defendant Bankston $21,500 in

attorneys fees.  The judgment submitted by Defendant Bankston was signed by the judge and

filed in the State Court Suit.

33.

Due to the failure of the Defendants to accord Plaintiff his protections under the SCRA,

the Defendants have caused Plaintiff both economic damages (the attorneys fees and costs

incurred in perfecting the successful appeal to enforce Plaintiff's rights under the SCRA) and

damages as a result of loss of credit score resulting from the failure of Defendant MIE to

terminate the lease as of July 31, 2014, plus non-economic damages to wit: extreme mental

anguish arising from concern about the adverse impact the lease termination suit would have on

his credit score and military service, emotional distress, mental anguish, outrage, embarrassment

and humiliation. Moreover, the actions of the Defendants, especially after Plaintiff pointed out to

them the provisions of the SCRA by which he was protected, constitute the intentional and/or

negligent infliction of emotional distress against Plaintiff, who has suffered severe emotional and

physical injuries because of the violations of his rights under the SCRA and the litigation

involving the lease, including headaches, depression, nightmares, flashbacks, stress,

sleeplessness and extreme anxiety.

34.

For the foregoing reasons, Plaintiff is entitled to all appropriate relief, including monetary

damages and punitive damages, reasonable attorney's fees and all costs of these proceedings,

pursuant to 50 U.S.C. §4042.

35.

Plaintiff is also entitled to declaratory relief that Defendant MIE's practices violate the

SCRA.

36.

Plaintiff is also entitled to injunctive relief stopping the Defendants from further violating

the SCRA and requiring Defendant MIE to remove any adverse credit reporting that may have

been made by Defendant MIE as a result of the State Court Suit for amounts due under the lease.

**<ins>Second Cause of Action</ins>**

**<ins>Violation of 50 U.S.C. §4026</ins>**
**<ins>(formerly 50 U.S.C. App. §596)</ins>**

37.

Plaintiff re-alleges and re-avers all of the allegations of paragraphs 1 through 36 above.

38.

Pursuant to the provisions of 50 U.S.C. §4026 (formerly 50 U.S.C. App. §596), during a

servicemember's military service, the non-business assets of the servicemember are not available for satisfaction of a business debt or obligation for which the servicemember is personally liable.

39.

After the judgment as amended by the appellate court from the State Court Suit was final, the Defendants violated 50 U.S.C. §4026 by recording the judgment in the mortgage records of East Baton Rouge Parish, Louisiana, and by attempting to garnish Plaintiff's military pay and allowances.

40.

In emails and letters sent from undersigned counsel for Plaintiff to Jenna H. Linn, an attorney and employee of Defendant Bankston for whom Defendant Bankston is liable under the doctrine of *respondeat superior*, between February 21, 2017 and April 11, 2017, Plaintiff's counsel advised Jenna H. Linn that collection efforts aimed at seizing Plaintiff's assets not related to the business (Heaux Jeaux's, L.L.C.) during the period of Plaintiff's military service violated the SCRA and cited the specific provision of the SCRA involved (50 U.S.C. §4026).

41.

Despite those warnings, Defendant Bankston recorded the judgment in the mortgage records of East Baton Rouge Parish, Louisiana, thereby destroying Plaintiff's efforts to complete a short sale of his former matrimonial domicile, which efforts were almost completed up until the date Defendant Bankston caused the judgment to be recorded.   Additionally, on April 13, 2017, Defendant Bankston (acting through its employee Jenna H. Linn), acting as the attorney and agent of Defendant MIE, wrote a certified mail letter to the Defense Finance Accounting Service ("DFAS") in Cleveland, Ohio, seeking an involuntary allotment (garnishment) from the military pay and allowances of Plaintiff.

42.

Plaintiff's counsel, upon learning what Defendant Bankston had done, contacted DFAS and cited them to 50 U.S.C. §4026, at which point DFAS advised Defendant Bankston by letter dated May 26, 2017 that garnishment of Plaintiff's pay and allowances to satisfy the judgment in favor of Defendant MIE while Plaintiff was on active duty violated the SCRA and the request would not be honored.

43.

However, the determination of DFAS to reject the attempt by both Defendants to collect on the judgment rendered in the State Court Suit from non-business, personal assets of the Plaintiff (his military pay and allowances) was not made until after Plaintiff had been counselled by his commanding officer about the fact that a garnishment was being attempted against his pay and allowances.

44.

On July 12, 2017, Plaintiff and undersigned counsel learned from DFAS that Defendant BANKSTON had actually contacted DFAS again in a letter dated June 1, 2017, and had disagreed with the decision of DFAS to reject the garnishment request and asked for an appeal of that decision. The stated basis for Defendant BANKSTON's disagreement, as Ms. Linn wrote, was that Defendant MIE had taken a personal judgment against Plaintiff and therefore 50 U.S.C. §4026 was not applicable to him. On the contrary, it is precisely *because* the Defendants took a personal judgment against Plaintiff for an obligation of his former business (the defaulted rent owed by Heaux Jeaux's before Plaintiff canceled the lease) that 50 U.S.C. §4026 *is* applicable to protect the Plaintiff's non-business assets.

45.

Nothing is apparently going to stop Defendants from their continuing attempts to violate

the SCRA rights of Plaintiff except an injunction from this Court to prevent future efforts at

violation of the SCRA and an award of significant damages to Plaintiff.  An injunction and an

award of damages by this Court are the only remedies available to Plaintiff to demonstrate to

Defendants that they cannot violate a servicemember's rights -- after having been told by the

servicemember and the servicemember's pay master repeatedly that their actions violate federal

law -- without suffering the consequences:  an injunction to stop their unlawful behavior and a

money judgment for general and punitive damages.

46.

The efforts of Defendants to wrongfully collect on the judgment from the non-business,

personal assets of the Plaintiff have caused and continue to cause him to suffer damages in the

form of extreme mental anguish arising from concern about the adverse impact the attempt to

garnish his military pay and allowances would have on his military career, the adverse impact

such action could have on Plaintiff's security clearance, and additionally to suffer emotional

distress, mental anguish, outrage, embarrassment and humiliation.

47.

Pursuant to 50 U.S.C. §4042, Plaintiff is entitled to recover monetary damages, including

exemplary or punitive damages, from both Defendants as a result of their continued knowing and

intentional violations of his rights under the SCRA.  Punitive damages are appropriate in this

case because Defendant Bankston proceeded with efforts to collect the judgment from personal

assets of the Plaintiff not held in connection with the trade or business (Heaux Jeaux's, L.L.C.)

after its employee, Jenna H. Linn acting as the agent and attorney for Defendant MIE, was

-12-

specifically advised of the applicable provisions of the SCRA that prohibited any such collection efforts. Such involuntary collection efforts were made by Defendant BANKSTON not once but at least twice prior to the filing of this action.

48.

Pursuant to 50 U.S.C. §4042, in addition to monetary damages, including punitive damages, Plaintiff seeks injunctive relief to prevent Defendants from attempting collection of the judgment rendered in the State Court Suit from personal assets of the Plaintiff not held in connection with the business known as Heaux Jeaux's, L.L.C. during such period as Plaintiff remains on active military duty. Plaintiff is also entitled to an award of reasonable attorney's fees and costs incurred in prosecuting the appeal from the State Court Suit, in defending against the wrongful efforts of Defendants to seize Plaintiff's non-business assets to satisfy the judgment rendered in the State Court Suit and in bringing and prosecuting this action.

## **Demand for Jury Trial**

49.

Plaintiff demands trial by jury on all issues herein triable by jury.

## **Prayer for Relief**

WHEREFORE, Plaintiff Joseph E. Carey prays that this action be filed, that service be made as prescribed by law and, after due proceedings be had, there be judgment herein in his favor and against Defendants, MIE Properties – LA, L.L.C. and Bankston & Associates, L.L.C., and that the Court grant the following:

    a.  Judgment against the Defendant for each of Plaintiff's asserted causes of action;

    b.  Declaratory judgment finding Defendants' practices violate 50 U.S.C. §§3901 *et seq.*;

    c.  An award of injunctive relief;

    i.     stopping Defendants from further violating 50 U.S.C. §4026 *et seq.*;

    ii.     requiring Defendants to remove any adverse credit reporting that may have been made by either Defendant as a result of the incorrect initial judgment rendered in the State Court Suit;

    iii.   Ordering Defendants to cancel the inscription of the judgment from the State Court Suit in the mortgage records of East Baton Rouge Parish, Louisiana for so long as Plaintiff continues his active military service; and

    iv.    Ordering Defendants to stop any further collection efforts on the State Court Suit judgment from the personal assets of Plaintiff not held in connection with Heaux Jeaux's, L.L.C. for the duration of Plaintiff's active military duty;

d.  An award of monetary damages, including exemplary or punitive damages, against Defendants as prayed for above;

e.  An award of reasonable attorney's fees and other litigation costs reasonably incurred to prosecute the appeal in the State Court Suit and to bring this action; and

f.  Any and all other relief to which the Plaintiff may be entitled.

                      Respectfully submitted,

                      JONES & ODOM, L.L.P.
                      By:

                      *John S. Odom, Jr.*

                      John S. Odom, Jr., La. Bar No. 10163
                      2124 Fairfield Avenue
                      Shreveport, Louisiana 71104
                      Telephone: (318) 221-1600
                      Facsimile: (318) 425-1256
                      Email: john.odom@jodplaw.com

                      COUNSEL FOR PLAINTIFF